Donald Ray **WILLIAMS**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–74–612.

Court of Criminal Appeals of Oklahoma.

May 12, 1975.

Valdhe F. Pitman and Larry D. Barnett, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Byron L. Wilhite, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Donald Ray Williams, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–73–2804, for the offense of Unlawful Distribution of a Controlled Dangerous Substance, Heroin, After Former Conviction of a Felony, in violation of 63 O.S.1971, § 2–401. His punishment was fixed at a term of ten (10) years' imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

We do not deem it necessary to recite the facts, as this cause requires reversal.

Defendant contends that he was obstructed in the defense of his case by reason of the State refusing to provide him with the correct address of the State's primary witness, Preston Bonds, and the trial court's refusal to grant a continuance until he could interview witness Bonds.

The record reveals that Preston Bonds was employed by the Oklahoma City Police Department at the time of the filing of the Information. His police department address was listed on the Information. Approximately ten days after the Information was filed, Bonds severed his relationship with the police department. Thereafter, the State refused to divulge Bonds' address, inasmuch as Bonds was an essential witness in some ninety heroin sale cases, and his life was believed to be in danger.

The record further reveals that after the preliminary examination in this case, the defendant learned that Preston Bonds had testified falsely at the preliminary examination. Defendant then filed a Motion to Compel Disclosure, which was heard by the Honorable William C. Kessler. Judge Kessler sustained defendant's Motion and ruled that the defendant should be permitted to interview Preston Bonds. However, the State, through Assistant District Attorney Stanley Pierce, announced that the State had no knowledge as to the location of Preston Bonds. The Attorney General supplemented the record in this case with an Affidavit from Assistant District Attorney Duane Miller, wherein he stated:

"The address of Preston Bond was not revealed to anyone because we knew his life was in danger as he was an essential witness in some 90 heroin sale cases. We could contact Preston Bond only by going through his Attorney, Henry Floyd. Preston Bond would call his attorney at least once a day to see if he had any calls. He then would return our call. This is the only means we had of contacting Preson [sic] Bond.

"If a defense attorney wanted to interview Preston Bond we would contact him, using the above procedure, and then have him come to the District Attorney's Office to meet with the defense attorney. No such request was made by anyone on behalf of Donald Ray Williams."

■ It, therefore, appears that the District Attorney's Office did know the whereabouts of Preston Bonds and could have arranged an interview for the defense attorney in this case; but failed to do so even after the court entered an Order requiring the District Attorney's Office to arrange an interview. Again at trial, the defendant announced not ready and moved the court for a continuance in order that his attorney might interview Preston Bonds. However, the trial court refused the request. Had the trial court granted the defendant a continuance, and delayed the trial for an hour or so in order to allow the defense attorney to interview Preston Bonds, we believe any prejudice to the defendant would have been cured.

■ It is our opinion that the defendant was denied the right to effective assistance of counsel, and the right to a fair trial due to the fact that Preston Bonds gave perjured testimony at this defendant's preliminary examination and the defendant's attorney was never given the opportunity to interview the State's star witness, Preston Bonds, after learning of the perjured testimony; and, after Judge Kessler, who apparently considered the interview necessary in order for the defendant to properly prepare his defense, ordered that his attorney be granted an interview. As stated in the case of Coppolino v. Helpern, 266 F.Supp. 930 (S.D.N.Y.1967):

"We merely say that, as to interviewing a prospective prosecution witness, our constitutional notions of fair play and due process dictate that defense counsel be free from obstruction, . . ."

Also see Martinez v. State, Okl.Cr., 496 P. 2d 416 (1972) and Pruitt v. State, Okl.Cr., 270 P.2d 351 (1954).

We, therefore, are compelled to reverse and remand this case.

Reversed and remanded.

BRETT, P. J., and BLISS, J., concur.